# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNEL RIEL,<br><br>      Plaintiff,<br>v.<br><br>IMMEDIATE CREDIT RECOVERY INC.,<br><br>      Defendant. | Case No. 17-CV-440-JPS<br><br>**ORDER** |

### 1.  INTRODUCTION

Plaintiff obtained student loans through the Department of Education ("DOE"). When he defaulted on the loans, the DOE brought in Defendant to help collect what was owed. Defendant sent Plaintiff a letter in March 2016, which he alleges was intentionally and misleadingly designed to look like a letter from the DOE itself. Plaintiff maintains that this conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

On December 1, 2017, Defendant filed a motion for summary judgment. (Docket #15). Plaintiff opposed the motion on December 29, 2017, and Defendant replied on January 12, 2018. (Response, Docket #21; Reply, Docket #23). For the reasons stated below, Defendant's motion must be granted.

### 2.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.   **FACTUAL BACKGROUND**

Upon review of the parties' factual briefing, the Court finds that the following facts are material to Defendant's motion.[1] Defendant collects student loans on behalf of the DOE. Plaintiff's student loan was placed with Defendant for collection on March 26, 2016. Three days later, Defendant sent him its initial collection letter (the "Letter"). It appears as follows,

---

[1]The facts are drawn from the parties' factual briefing, (Docket #22 and #24), unless otherwise indicated.

both front:

DEPT 627
PO BOX 4115
CONCORD CA 94524

March 29, 2016

RETURN SERVICE REQUESTED

DANNEL RIEL
6637 W STEVENSON ST
MILWAUKEE WI 53213-3946

4  410242010363  0000004950  00000098

| ACCOUNT NO. | PRINCIPAL BAL | INTEREST |
|---|---|---|
| 1024201036 | $50,929.77 | $4,829.44 |
| PENALTY CHARGES | FEES & COSTS | TOTAL BALANCE |
| $.00 | $13,571.52 | $69,330.73 |
| | AMOUNT PAID: | |

DO NOT SEND CASH.
MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION.
SHOW YOUR SOCIAL SECURITY NUMBER OR ACCOUNT NUMBER ON
YOUR CHECK. RETURN THIS PORTION WITH YOUR PAYMENT.

**SEND PAYMENT TO:**

UNITED STATES
DEPARTMENT OF EDUCATION
PO BOX 105028
ATLANTA GA 30348-5028

4  410242010363  0003282016  69330731

Your defaulted student loan or grant overpayment has been placed with Immediate Credit Recovery, Inc. for the purpose of securing payment of this debt.

The United States Department of Education indicates that your loan is seriously delinquent and demands your attention.

If you are unable to pay this debt in full, please contact our office at 1-866-401-7190 to make suitable repayment arrangements.

To ensure proper crediting of your account, please return the upper portion of this notice with your payment and include your social security number on your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Written disputes and any other correspondence should be sent to:

Immediate Credit Recovery, Inc.
P.O. Box 965156
Marietta, GA 30062

Formal complaints against Immediate Credit Recovery, Inc. may be registered in writing with the Atlanta Service Center Branch at:

Atlanta Service Center Branch
61 Forsyth St. Room 19T91
Atlanta, GA 30303

This is an attempt collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

**SEE REVERSE SIDE FOR VERY IMPORTANT INFORMATION.**

and back:

```
                              NOTE CHANGES ONLY
  FIRST NAME [                           ]        MI [ ]
  LAST NAME  [                           ]
  ADDRESS    [                                       ]
             [                                       ]
  CITY       [                    ]   HOME PHONE [   ]-[   ]-[   ]
  STATE [  ]  ZIP [    ]-[   ]       WORK PHONE [   ]-[   ]-[   ]

                                   SEND PAYMENT TO:

                                   UNITED STATES
                                   DEPARTMENT OF EDUCATION
                                   PO BOX 105028
                                   ATLANTA GA  30348-5028
```

**California Residents:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the front of this letter.
  The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado Residents:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt.
If you, the consumer, notify us by mail of any of the matters specified above, such notification shall be complete upon our receipt of your mailed notification.
In-State office: 700 Seventeenth Street, Suite 200, Denver, Colorado 80202. Toll Free# 1-866-436-4766.

**Massachusetts Residents:** NOTICE OF IMPORTANT RIGHTS
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request in writing to the debt collector.

**Minnesota Residents:** This Collection Agency is licensed by the Minnesota Department of Commerce.

**New York Residents:** Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**North Carolina Residents:** North Carolina Department of Insurance Permit# for GA location 103649. Permit# 101370 for NY location.

**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

**Utah Residents:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit reporting obligation until the expiration of the time period described in the notice on the front of this letter.

**Wisconsin Residents:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

Complaints may be directed to: Immediate Credit Recovery, Inc., PO Box 965156, Marietta, GA 30062
Contacticr@ircollect.com or you may call the Special Assistance Unit 866-401-7188
Physical Address: 3330 Chastain Meadows Pkwy, Suite 100    169 Myers Corners Rd, Suite 110
               Kennesaw, GA 30144                           Wappingers Falls, NY 12590
Hours of Operation (Eastern Time): 8:30 a.m. to 9:00 p.m. Monday through Thursday, Friday 8:30 a.m. to 5:30 p.m.

(Docket #17-4).

As noted above, Plaintiff alleges that the Letter violates the FDCPA by misleading its recipients in numerous ways. Plaintiff commissioned a survey, in accordance with Seventh Circuit precedent on such claims, to determine what proportion of borrowers might be fooled, or at least

confused, by the Letter.² The survey reveals that more than half of the respondents were confused by the Letter as a whole, as well as various specific portions of it.

**4. ANALYSIS**

Defendant seeks summary judgment on each of Plaintiff's claims and requests dismissal of the entire lawsuit. Plaintiff's Complaint states one cause of action: a violation of the FDCPA. Plaintiff first asserts that the letter violates 15 U.S.C. § 1692e. That Section prohibits the use of false or misleading representations in the collection of a debt. 15 U.S.C. § 1692e. Section 1692e further contains a number of subparts providing specific examples of prohibited conduct. *Id.* These include sending a letter "which creates a false impression" that it was "authorized, issued, or approved by any . . . agency of the United States," *id.* § 1692e(9), and a collector's use of any name other than its true name, *id.* § 1692e(14). Plaintiff also alleges, in the alternative, a violation of Section 1692f. Even if the Court finds the Letter is not misleading, he says, a jury could nevertheless conclude that Defendant's Letter was somehow "unfair or unconscionable," conduct

---

²Plaintiff includes a number of statements of fact about the survey. (Docket #24 at 2-5). In response to each, Defendant states: "[a]fter reasonable inquiry, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph [X]." *Id.* This is not a valid response to a statement of fact. *J.N. Moser Trucking, Inc. v. U.S. Dep't of Labor*, 306 F. Supp. 2d 774, 778 (N.D. Ill. 2004); *Wilhelm v. McAnn's W. 48th St. Rest. Corp.*, No. 01-C-7518, 2004 WL 2658066, at *1 (N.D. Ill. Oct. 14, 2004); *Wright v. Baynton*, No. 12-CV-870-BBC, 2014 WL 462364, at *1 (W.D. Wis. Feb. 5, 2014). Each fact is, then, admitted for purposes of Defendant's motion. Civ. L. R. 56(b)(3)(B), (4).

proscribed by Section 1692f. *Id.* § 1692f. This claim is, in reality, no different than the Section 1692e claim.[3]

Plaintiff's claims must be assessed from the viewpoint of an "unsophisticated consumer." An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). In the case of alleged letter-based FDCPA violations, the subject letter "must be confusing to a significant fraction of the population." *Id.* (quotation omitted).

---

[3]Section 1692f is viewed as a catch-all provision for improper collection activity not addressed by other FDCPA provisions, and its "prohibition on unfairness is as vague as they come." *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013). With that in mind, courts are reluctant to allow a Section 1692f claim to proceed on the same facts which underlie an alleged violation of a more specific provision. *See Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 989 (W.D. Wis. 2015) (collecting cases).

Plaintiff's brief confirms that both the facts and legal theory of his Section 1692f stem from the Letter's confusing nature, which is the sole basis of the Section 1692e claim. Both claims arise from the Letter alone. As to his theory, Plaintiff notes that Section 1692d prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Because this provision says nothing about a lack of "meaningful disclosure" in a written communication, Plaintiff wishes to use Section 1692f to piggyback the "meaningful disclosure" rule into that context. (Docket #21 at 16).

It was Congress' prerogative to not include a "meaningful disclosure" provision directed at letters. Further, Plaintiff's desire for such a provision is already manifest, in power and spirit, in Section 1692e, which prohibits "deceptive" and "misleading" communications. It is clear, then, that Plaintiff's Section 1692f theory is entirely duplicative of the Section 1692e claim. Plaintiff's word choice concedes as much. *Id.* ("[T]he Court can find that the letter—even if it does not violate 1692e—is unfairly or unconscionably *confusing* and therefore violates 1692f.") (emphasis added).

To prove a claim that a collection letter is misleading, the Seventh Circuit has established three categories of cases:

> The first category includes cases in which the challenged language is "plainly and clearly not misleading." No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. *Lox*[, 689 F.3d at 822]. The second *Lox* category "includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* In such cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth* [*v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)]. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the plaintiff to prevail. *Id.*

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322-23 (7th Cir. 2016). Plaintiff does not assert that his claims fall within the third category. (Docket #21 at 3-4). He concedes that extrinsic evidence is required to prove his allegation of confusion. *Id.* ("To succeed on claims such as these a plaintiff must demonstrate that the language of the letters unacceptably increases the level of confusion. A letter meets that standard if a significant fraction of the population would be misled by the letter. . . . A survey which shows what actually happens in response to a letter helps courts determine what letters are confusing.") (citations and quotations omitted).

The problem for Plaintiff is that his only extrinsic evidence—the survey—is inadmissible. The Court of Appeals treats survey evidence as a form of expert testimony. *DeKoven v. Plaza Assoc.*, 599 F.3d 578, 580 (7th Cir. 2010). It "emphasize[s] that survey evidence in debt-collection . . . cases must comply with the principles of professional survey research; if it does

not, it is not even admissible, . . . let alone probative of deception." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (citations omitted).

Federal Rule of Evidence ("FRE") 702 provides that expert testimony may be admitted when the expert is sufficiently qualified to offer their opinion, and the opinion is the product of sound science. Fed. R. Evid. 702. Plaintiff, as the proponent of the expert testimony, bears the burden to establish its admissibility by a preponderance of the evidence. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). With respect to surveys in particular, the Court of Appeals notes that "[a] properly designed control group" is "vital" to reveal whether a letter is unlawfully confusing. *DeKoven*, 599 F.3d at 581; *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 626 (7th Cir. 2009). As *DeKoven* observed,

> [t]he debt collector can't be blamed if consumers don't understand his dunning letter unless he should have added or subtracted something to make it clearer. The plaintiff thus has "to show that the additional language of the letters unacceptably *increases* the level of confusion; many unsophisticated consumers would be confused even if the letters they received contained nothing more than a statement of the debt and the statutory notice." *Johnson v. Revenue M[gmt.] Corp.*, [169 F.3d 1057,] 1060 [(7th Cir. 1999)] (emphasis in original).

*Id.*

Plaintiff fails to carry his burden to show the admissibility of the survey under the principles of FRE 702 and the above-cited precedent. First, Plaintiff has not established that his expert has relevant qualifications. The survey was conducted by Mary Prisco ("Prisco") of The Martec Group. (Docket #21-1 at 1). Prisco says she has many years of experience in

"marketing research" and "statistical analysis," and she holds a Ph.D. in mathematics. *Id.* Plaintiff does not explain how an expert in mathematics or statistics would be qualified to perform a consumer survey. It is also unclear what "marketing research" means; is this experience in crafting and administering consumer surveys? Plaintiff does not say.

Second, Prisco's statements on the reliability of the survey are utterly conclusory. FRE 702 requires an expert opinion to be based on "sufficient facts or data," and it must be "the product of reliable principles and methods." Fed. R. Civ. P. 702(b)-(c). Prisco avers that "[w]e had 100 respondents on the survey, which is a valid statistical sample for a survey of this sort." (Docket #21-1 at 2). Despite the fact that "[d]etermining the minimum sample size from which reliable extrapolations can be made to the sampled population is tricky," Prisco offers no support for her statement. *DeKoven*, 599 F.3d at 581. Further, Prisco states that "[t]he survey was conducted using standard methodology commonly accepted in the field for such surveys[.]"(Docket #21-1 at 2). Again, she does not describe what the "standard methodology" is, or provide any evidence that the methodology she employed is "commonly accepted in the field." The Court thus has nothing by which to determine that the facts and principles underlying the survey are indeed "sufficient" or "reliable."

Finally, there is no indication that the survey used a control group. *See* (Docket #21-2 at 2-3). *Muha* and *DeKoven*, decided almost eight years ago, make this requirement clear. Plaintiff himself implicitly acknowledged the necessity of a control group, yet still did not procure a survey that included one. (Docket #21 at 3-4) (citing *Johnson* for the proposition that a letter must "unacceptably increase[] the level of confusion"). Further, Plaintiff cannot claim an inability to produce a valid control letter. His brief

notes numerous ways in which the Letter's language might be modified to reduce confusion. *See, e.g., id.* at 5, 11 (Defendant's name should be more prominent, as well as its identity as the sender), 6 (too many different addresses on the front of the Letter), 7-10 (the Letter too closely mirrors the DOE's letters), 12 (use of the name "Dept. 627" in the address block rather than Defendant's true name).

For all of these reasons, Plaintiff's survey is rendered inadmissible. Without the survey, Plaintiff's claims cannot withstand Defendant's motion. He has no evidence, not even his own say-so (Plaintiff did not offer affidavit testimony in conjunction with his response), that the Letter is confusing or misleading "to a significant fraction of the population" or that it "unacceptably increase[d] the level of confusion." *Lox*, 689 F.3d at 822 (quotation omitted); *Johnson*, 169 F.3d at 1060. As a result, the Court is constrained to find that Plaintiff has raised no triable issues of fact as to the Letter's alleged violations of the FDCPA.

**5.  CONCLUSION**

As the Court earlier warned Plaintiff, summary judgment "is the put up or shut up moment in a lawsuit." (Docket #20 at 2) (quotation omitted). Nevertheless, when the time came, he failed to present any admissible evidence to support his claims. Defendant's motion must, therefore, be granted, and this matter dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #15) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge